IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| James Douglas Butcher | § | CASE NO.    23-34075-H4 |
| | § | |
| | § | |
| Debtor | § | Chapter 13 |

## TRUSTEE'S MOTION TO DISMISS OR CONVERT

## NOTICE PURSUANT TO LOCAL RULE 9013

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**IF A TIMELY RESPONSE IS FILED, A HEARING WILL BE HELD ON JANUARY 22, 2024 AT 9:00 AM IN THE U.S. COURTHOUSE, 515 RUSK, COURTROOM 401, 4TH FLOOR HOUSTON, TEXAS.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee ("Trustee"), in the above styled case, files this Motion to Dismiss and in support thereof would show the following:

1. A Chapter 13 voluntary bankruptcy petition was filed by James Douglas Butcher ("Debtor") on October 23, 2023. Debtor filed his Schedules and Statement of Financial Affairs, on November 15, 2023 [docket no. 12].

2. The Trustee files this motion because the Debtor is ineligible for Chapter 13 relief. Pursuant to 11 U.S.C. §109(e), persons seeking relief under Chapter 13 must have debts within the statutorily defined allowable debt limits, more specifically:

>Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated debts of less than $2,750,000 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated debts that aggregate less than $2,750,000 may be a debtor under chapter 13 of this title.

Additionally, eligibility for relief is determined on the date of filing the petition; therefore, Debtors are not eligible to be debtors under Chapter 13 of the Bankruptcy Code. *In Re Nikoloutsos*, 199 F. 3d 233 (5th Cir. 2000); s*ee also In Re Hatzenbuehler*, 282 B.R. 828 (2002). In *Hatzenbuehler*, the Court's language specifically states that "[i]f a debt is 'owed' on the date of the filing of the petition and is liquidated and not contingent, it must be counted in analyzing a debtor's eligibility for chapter 13." *Id*. at 834.

3. Based on Debtor's uncontroverted Schedules filed on November1, 2023, [docket no. 12], his total non-contingent and liquidated debt is listed as $4,402,865.44. This amount of debt exceeds the statutory limitation of $2,750,000.00, thereby, making Debtor ineligible for Chapter 13 relief.

4. The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan. The debtor failed to provide tax appraisals for all real property to the Trustee. The debtor failed to amend Schedule I to list all of wife's income. The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

Wherefore, the Trustee requests this Court to dismiss this case and to grant him such other and further relief to which he may be entitled.

Respectfully submitted,

David G. Peake, Chapter 13 Trustee

By:  /s/ Richard W. Aurich, Jr.
     TX Bar No. 00792339
     9660 Hillcroft, Suite 430
     Houston, TX 77096
     Tel: 713-283-5400

         Fax: 713-852-9084
         Attorney for David G. Peake, Chapter 13 Trustee

## **CERTIFICATE OF SERVICE**

  A copy of foregoing Motion to Dismiss was served as indicated on December 22,2023, upon the following:

| | |
|---|---|
| James Douglas Butcher<br>480 Kirby Rd.<br>Taylor Lake Village, TX   77586 | U.S. Mail |
| Reese W. Baker<br>950 Echo Ln, Ste 300<br>Houston, TX 77024 | CM/ECF electronic delivery |

         /s/ Richard W. Aurich, Jr.

| | |
|---|---|
| Debtor's Attorney of Record:<br>REESE W BAKER<br>BAKER & ASSOCIATES<br>950 ECHO LANE SUITE 300<br>HOUSTON, TX  77024 | Debtor:<br>James Douglas Butcher<br>480 Kirby Rd<br>Taylor Lk Vlg, TX  77586-5201 |
| AIS PORTFOLIO SERVICES LLC<br>ATTN: FORD MOTOR CREDIT COMPANY LLC DEPT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK  73118 | BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP<br>4004 BELT LINE ROAD  SUITE 100<br>ADDISON, TX  75001 |
| CAPITAL BANK<br>10304 I-10 EAST<br>HOUSTON, TX  77029 | CAPITAL BANK<br>10604 I-10 EAST<br>HOUSTON, TX  77029 |
| CAPITAL ONE<br>6101 FAIRMONT PARKWAY, STE C<br>PASADENA, TX  77504 | CAPITAL ONE<br>1680 CAPITAL ONE DR<br>MCLEAN, VA  22102 |
| CAPITAL ONE<br>PO BOX 60519<br>CITY OF INDUSTRY, CA  91716 | CHASE MORTGAGE<br>PO BOX 78420<br>PHOENIX, AZ  85062 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 | CLEAR CREEK ISD<br>PO BOX 799<br>LEAGUE CITY, TX  77574-0799 |
| CLEAR CREEK ISD TAX OFFICE<br>2425 E MAIN<br>LEAGUE CITY, TX  77573 | CLEAR LAKE CITY WATER AUTHORITY<br>C/O MELISSA E VALDEZ<br>PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 |
| CLEAR LAKE CITY WATER AUTHORITY<br>900 BAY AREA BLVD<br>HOUSTON, TX  77058 | FORD CREDIT<br>PO BOX 650575<br>DALLAS, TX  75265 |
| FROST BANK<br>PO BOX 1600<br>SAN ANTONIO, TX  78296 | HARRIS COUNTY<br>PO BOX 4622<br>HOUSTON, TX  77210 |
| JOHN RESENDEZ<br>425 SOLEDAD ST STE 600<br>SAN ANTONIO, TX  78205-1558 | LINCOLN AUTOMOTIVE FIN<br>PO BOX 542000<br>OMAHA, NE  68154 |

| | |
|---|---|
| MERCEDES-BENZ CREDIT<br>PO BOX 685<br>ROENOKE, TX  79262 | PASADENA INDEPENDENT SCHOOL DISTRICT<br>C/O MELISSA E VALDEZ<br>PERDUE, BRANDON, FIELDER, COLLINS, & MOTT LLP<br>1235 NORTH LOOP WEST, SUITE 600<br>HOUSTON, TX  77008 |
| PASADENA ISD<br>PO BOX 1318<br>PASADENA, TX  77501-1318 | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.<br>c/o  MELISSA E. VALDEZ<br>1235 NORTH LOOP WEST, SUITE 600<br>HOUSTON, TX  77008 |
| REESE W BAKER<br>BAKER & ASSOCIATES<br>950 ECHO LANE SUITE 300<br>HOUSTON, TX  77024 | SAMS CLUB<br>170 ELECTION RD<br>DRAPER, UT  08402 |
| SAVINGS ACCOUNT<br>, TX | SHELL FCU<br>ATTN: BANKRUPTCY DEPARTMENT<br>PO BOX 578<br>DEER PARK, TX  77536 |
| SHELL FEDERAL CREDIT UNION<br>PO BOX 578<br>DEER PARK, TX  77536 | STELLER BANK<br>9 GREENWAY PLAZA SUITE 110<br>HOUSTON, TX  77046 |
| SYNCB/LOWES<br>PO BOX 965060<br>ORLANDO, FL  32896-5060 | SYNCHRONY BANK/SAMS<br>PO BOX 965060<br>ORLANDO, FL  32896 |
| SYNCHRONY-LOWES<br>170 ELECTION RD STE 125<br>DRAPER, UT  84020 | TAYLOR LAKE VILLAGE<br>1235 NORTH LOOP WEST SUITE 600<br>HOUSTON, TX  77008 |
| TXU/TEXAS ENERGY<br>PO BOX 650700<br>DALLAS, TX  75265 | WELLS FARGO BANK, N.A.<br>PO BOX 14487<br>DES MOINES, IA  50309 |
| WEYCER KAPLAN PULASKI & ZUBER<br>24 GREENWAY PLZ STE 2050<br>HOUSTON, TX  77046 | |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-34075-H4 |
| | § | |
| James Douglas Butcher | § | |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order.  The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

                                                            CHRISTOPHER M LOPEZ  
                                                            United States Bankruptcy Judge