UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| JAMES DOUGLAS BUTCHER, § | CASE NO. 23-34075-H4-13 |
| § | (Ch 13) |
| § | |
| DEBTOR § | |

AMENDED OBJECTION TO CONFIRMATION OF PLAN
(RE: DOCKET NOs. 12 and 13)

FROST BANK, creditor and party in interest, files this objection to confirmation.

1. FROST BANK holds a judgment lien against Debtor, and is a current judgment creditor of the Debtor's.

2. Recent filings from both the Trustee and Debtor indicate their agreement to convert this Chapter 13 proceeding to a Chapter 11 proceeding. If such is true, then the Chapter 13 plan on file will not likely be confirmed at the upcoming confirmation hearing.

3. FROST BANK objects in the remote event the Chapter 13 plan is presented for confirmation as previously scheduled.

4. FROST BANK has filed a proof of claim. FROST BANK claims a lien on non-exempt real estate in Texas counties where an abstract of its judgment claim against Debtor has been recorded. Debtor has identified four non-exempt pieces of real estate in his Schedule A/B (Document 12).

5. Debtor impossibly claims that he owns ½ of the value of these non-exempt real properties but that the property is also owned in "fee simple" by an entity, "JC Lion Properties dba Leonida Butcher, as solely managed community property." (Document 12, Schedule A/B, Items 1.2, 1.3, 1.4, and 1.5). He also claims to have an interest in each of these tracts.

6. Despite this, he identified FROST BANK as an "unsecured" creditor in his Schedules E/F, Item 4.10. Here, he did not specify the kind of nonpriority unsecured claim he alleges FROST BANK to have.

7. In his Form 107, he claimed that FROST BANK attached, seized, or levied these four tracts

= *Amended to Replace Exhibit*

through an impermissible cloud. He claims this occurred because the properties (which he claims a half-stake in) are in the "sole control of Leonida L. Butcher," who is not a party to the FROST BANK judgment.

8. But the public records do not indicate this to be true at all. Debtor, Leonida Butcher, and their son, Jimmy Butcher, *all* claim to be "JC Lion Properties" and *all* claim to have an ownership interest in at least three tracts. Specifically, Debtor and Leonida L Butcher submitted a joint tax return claiming fifty percent ownership in each of the four tracts at issue. A copy of this return is attached hereto and incorporated herein, together with Ms. Butcher's sponsoring oath filed in a state court proceeding (Exhibit A-6). Her declaration also contains copies of the deeds listing the Butchers as joint owners of the property (e.g., Exhibit A-2). To the extent their joint return is characterized as claiming the *two spouses* jointly own 50% interest, then the ownership of the other 50% cannot support Mr. Butcher's certification to this Court that he owns 50% of the value of these non-exempt tracts.

9. Upon belief, Debtor filed for relief in order to forestall a summary judgment against him on this very issue in Case No. 202266512, *Leonida Butcher et al v. The Frost National Bank et al*, pending before the 152nd Judicial District Court of Harris County. This bought him time from the preclusive application of the *Rooker-Feldman* doctrine (as the resulting judgment would have been interlocutory until severed). He filed for relief just after a hearing on Creditor Franklin's motion for summary judgment in that state court proceeding. Creditor Franklin argued that Texas law did not recognize the Butchers' attempt to immunize their real property holdings from levy, seizure, or attachment to satisfy Debtor's judgment debts. The same ruling would apply to FROST BANK's own position in that case.

10. FROST BANK objects to the plan.

11. Debtor has not claimed FROST BANK's judicial lien (11 U.S.C. § 101(36)) impairs any exemption under Section 522(f). Debtor must establish the avoidability by a preponderance of evidence. *In re Huie*, No. 07-40627, slip op. at 7 (Bankr. E.D. Tex. Aug. 8, 2007) (citations omitted).

12. The plan will not satisfy FROST BANK's claim pursuant to the terms of Texas law. The plan does not properly categorize FROST BANK's claim as a secured claim. The plan does not provide for adequate protection of the non-exempt real property securing FROST

BANK's claim. The plan does not properly classify FROST BANK for repayment: FROST BANK particularly objects to being classified as a mere unsecured claimant to receive a "pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims." (Document 13, Item 15).

FROST BANK seeks all relief to which it is entitled at law. The plan should not be confirmed.

All papers served and all notices given or required to be given in this case should be given to and served as follows:

Respectfully submitted,

FRIDGE & RESENDEZ, P.C.
425 Soledad Street, Suite 600
San Antonio, TX 78205
(210) 690-8000x1004

By:   /s/ Joshua Cottle
      JOSHUA COTTLE
      State Bar No. 24087348
      425 Soledad Street, Suite 600
      San Antonio, TX 78205
      (210) 690 8000x1004 (phone)
      (210) 696-6004 (fax)
      E-mail: josh@texasbanklawyer.com
              john@texasbanklawyer.com
              service@texasbanklawyer.com

ATTORNEYS FOR CREDITOR FROST BANK

Dated: January 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, a true and correct copy of the foregoing *Objection to Confirmation of Plan* was served upon all registered ECF users who have appeared in this case or via first class mail.

                                          /s/ Joshua Cottle
                                          Joshua Cottle

EXHIBIT 1
TO FROST BANK'S OBJECTION TO CONFIRMATION OF PLAN
*THE DECLARATION OF LEONIDA BUTCHER WITH HER OWN EXHIBITS FILED IN STATE COURT PROCEEDING*